## No. 390
## MILLER v. BOOTH
Ohio Court of Appeals, Erie County
No. 179.   April 23, 1923

This opinion has not been published except in Abstract.

PERSONAL INJURY—(1) Driver of automobile should consider the propensity of children of tender years to run in front of car—(2 Allegations of general damage may include possible permanent damage.

CHITTENDEN, J.

Epitomized Opinion

Error to Erie Common Pleas; Affirmed

Frank Booth, a child three years old, was playing on a parkway near a street and an automobile driven by Miller ran into and injured him.   Testimony differed as to the speed of the car and certain other circumstances, but the jury found for Booth and awarded $500 in damages.   The question was raised whether the driver of an automobile is required to watch for children in a parkway.   Exception was also taken to the charge by the court that the jury might consider possible permanent damage, although the petition did not specifically allege such damage. Held by Court of Appeals in affirming the judgment:

1.   It is the duty of the driver of an automobile to take into consideration the propensities of children seen playing near the street and to exercise ordinary care to avoid hitting them.

2.   The allegations in the petition in this case were sufficiently broad to allow introduction of evidence as to the permanency of injuries and to justify the court in instructing the jury on that point.

Attorneys—C. H. Workman and J. F. Hertlein, for Miller; J. F. McCrystal, Contra.

## No. 391
## LAMBORN v. BENDER
Ohio Court of Appeals, Cuyahoga County
No. 4205.   April 9, 1923

This opinion has not been published except in Abstract

SALES—(1) Tender of goods unnecessary when buyer after inspecting goods finds them unsatisfactory.

VICKERY, P. J.:

Vickery, Sullivan and Levine, JJ.

Epitomized Opinion

Error to Cuyahoga Common Pleas; affirmed

Lamborn and Bender entered into a contract for the sale and delivery of twenty-five tons of Standard Fine Granulated Sugar f. o. b. New York.   The goods were shipped to the order of Lamborn and a bill of lading, with a draft for the purchase price attached, was sent to a bank at Sandusky with orders to notify Bender.   He paid the draft and after examining the sugar found that it was far inferior to the quality ordered and of no use to him.   He thereupon notified Lamborn of his refusal to accept it and asked "what disposition he should make of the sugar."   No satisfactory arrangement was made and Bender recovered in the lower court.   The only error complained of is that this action of Bender amounted to a rescission of the contract and that when he paid the draft the possession of the property vested in Bender and that before a rescission of the contract could be completed, he must tender back the goods.   Held by Court of Appeals in affirming for Bender:

1.   We think the case at bar comes squarely within the case of Rhinestrom v. Steiner, 69 O. S. 452, where it was held that where a party under contract to deliver certain specific goods delivers to the buyer goods of a kind not conforming to the contract and upon examining them and without delay the buyer informs the seller of that fact, no tender is required. It is sufficient if the buyer gives the seller clearly to understand that he refuses to accept the goods. This

situation is provided for in GC. 8420.   (See 19 **Abs.** 376.)

Attorneys—Garfield, McGregor & Baldwin, for Lamborn; F. B. Gott and W. L. Fiesinger, for Bender.

## No. 392
## STATE v. MARTINEC et al.
Ohio Court of Appeals, Cuyahoga County
No. 4771.   Apr. 16, 1923

This opinion has not been published except in Abstract.

CRIMES—(1) Meaning of "conviction" under Police Regulation.

LEVINE, J.:

Epitomized Opinion
Demurrer Overruled

Wild filed a petition in the Court of Appeals alleging that he had been unlawfully dismissed from the police force of the City of Cleveland, and prayed that the defendants be commanded to restore him to his former status.   The defendants in question were the Director of Public Service and members of the Civil Service Commission of the City of Cleveland.   The defendants filed a demurrer to the petition.   The evidence disclosed that the policeman was dismissed under Art. 6, Rule I of the Rules and Regulations of the Police Department of Cleveland, which provide that any member might be suspended or dismissed for a conviction of a crime, a misdemeanor or violation of an ordinance.   The evidence also disclosed that the plaintiff was dismissed by the Public Safety Director from the police department for receiving stolen goods, which dismissal was affirmed by the Civil Service Commission.   Shortly after this dismissal the Court of Appeals of Cuyahoga County reversed the conviction against Wild and his case was nolled.   The question submitted to the Court of Appeals on the demurrer to the petition for reinstatement, was whether the plaintiff had been convicted of a crime within the meaning of the regulations of the police department.   The Court of Appeals held:

1.   That the term "conviction" as used in the police department means lawfully, and convicted by a final judgment that stands and disposes of the case against the defendant against all power of reversal, and does not mean the mere finding of one guilty by a jury upon the evidence, inasmuch as said finding may be manifestly contrary to the evidence and the law.

Attorneys—Doerfler & Kornhauser, and N. Cook, State; O. C. Bell and G. W. Perry, Contra.

## No. 393
## SIMONYI v. STATE
Ohio Court of Appeals, Cuyahoga County
No. 4620.   March 19, 1923

This opinion has not been published except in Abstract.

PREJUDICIAL ERROR—(1) No reversible error under the facts in this case.

PER CURIAM.

Epitomized Opinion

Louis Simonyi was arrested on a warrant issued by George W. Vocke, Justice of the Peace in Brooklyn Heights Township, for having liquor in his possession.   He was found guilty and fined $750.   Error was prosecuted in the Court of Common Pleas of Cuyahoga County and judgment was affirmed by Judge Wolfe upon the ground that the judgment was sustained by sufficient evidence.   Error was then prosecuted to the Court of Appeals.   In affirming the judgment of the lower court the Court of Appeals held:

1.   Upon the evidence introduced in this case the fine was not excessive.

Attorneys—H. Newhauser, for Simonyi; A. L. Tucker, for State.